NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GREGORIA VARGAS and FELIPE VARGAS,

        Plaintiffs,

v.

WALTER R. ECKHARDT, et al.,

        Defendants.

**Civil Action No. 18-12803 (SRC)**

**OPINION**

**CHESLER**, District Judge

      This matter comes before the Court upon the motion filed by Defendants United States Postal Service ("USPS") and Walter R. Eckhardt (collectively, "Defendants") to vacate the default entered by the state court, prior to removal of this action, and to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Plaintiffs Gregoria Vargas and Felipe Vargas (collectively, "Plaintiffs") have opposed the motion. The Court has considered the papers filed by the parties. For the reasons that follow, Defendants' motion will be granted.

**I.    BACKGROUND**

    **A. Factual Allegations**

      This tort action arises out of an incident in which Plaintiff Gregoria Vargas was allegedly struck by a vehicle driven by Defendant Eckhardt, a postal carrier employed by the USPS, when she was crossing the street. The Complaint alleges that on August 22, 2014, Ms. Vargas was in

the crosswalk at the intersection of Kearny Avenue and Midland Avenue in Kearny, New Jersey when she was struck by the vehicle as it was making a left-hand turn onto Kearny Avenue. Ms. Vargas claims that she sustained personal injuries as a result of this accident.

On or about August 19, 2016, Ms. Vargas and her husband filed a lawsuit against Eckhardt and the USPS in the Superior Court of New Jersey, Middlesex County. In the Complaint, Ms. Vargas alleges that the accident and her injuries were caused by Defendants' "negligence, carelessness, and reckless disregard." (Compl., ¶ 3.) In addition to the tort claims asserted by Ms. Vargas, the Complaint also asserts a loss of consortium claim by her husband, Felipe Vargas.

### B. Procedural History

On or about April 27, 2018, the state court granted Plaintiffs' application to restore their case against the USPS and Eckhardt to the active calendar. The April 27, 2018 order also entered default against "all defendants." (ECF 1-1 at 13.) On August 9, 2018, the United States Attorney's Office certified that Eckhardt was acting within the scope of his employment as an employee of the USPS at all times relevant to the Complaint. Thereafter, on August 15, 2018, Defendants Eckhardt and the USPS, an agency of the United States of America, removed this action to the United States District Court for the District of New Jersey pursuant to the Federal Tort Claims Act ("FTCA"), which provides:

> Upon certification by the Attorney General that the defendant employee [of a federal agency] was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court *shall be removed* without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding

> brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(2) (emphasis added).

Thereafter, Defendants filed the instant motion to dismiss, which maintains that Plaintiffs' failure to comply with the FTCA's exhaustion requirement prior to filing suit deprives the Court of subject matter jurisdiction. They also move to set aside the default entered in state court. This Court has authority to adjudicate the motions before the Court pursuant to 28 U.S.C. § 1346(b)(1) (providing that "the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States.").

## II. DISCUSSION

### A. Motion To Set Aside Default

As an initial matter, Defendants ask the Court to vacate the default entered against them by the state court, on the grounds that neither the USPS nor Eckhardt were properly served with a summons and complaint. Pursuant to 28 U.S.C. § 1450, when an action is removed to a district court, orders entered in state court prior to removal remain in full force until the district court dissolves or modifies them.

Federal Rule of Civil Procedure 55(c) provides that the court "may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). An entry of default or a default judgment is void and should be vacated if it was entered when proper service of the summons and complaint had not yet been effectuated. See, e.g., United States v. One Toshiba Color Television, 213 F.3d 147, 156 (3d Cir. 2000) (holding that

"entry of default judgment without proper service of a complaint renders that judgment void."); Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1304 (3d Cir. 1995) (noting that where 'a default judgment . . . [is] entered when there [is] not . . . proper service, the judgment is, a fortiori, void, and should be vacated."); Mettle v. First Union Nat'l Bank, 279 F. Supp. 2d 598, 603 (D.N.J. 2003) (concluding that sufficient good cause existed for setting aside default entered against a defendant where there was not proper service of the summons and complaint).

As the Court noted earlier, this action is governed by the FTCA, which provides the sole remedy for Plaintiffs' claims. 28 U.S.C. § 2679(b)(1). The United States is the only proper defendant in an FTCA action. 28 U.S.C. § 2679(d). Under Federal Rule of Civil Procedure 4(i), proper service on the United States entails two requirements. One, a party must either "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought" or "send a copy of [the summons and of the complaint] by registered or certified mail to the civil-process clerk at the United States attorney's office." Fed. R. Civ. P. 4(i)(1)(A)(i) & (ii). Two, the party must also "send a copy of [the summons and of the complaint] by registered or certified mail to the Attorney General of the United States at Washington, D.C." Fed. R. Civ. P. 4(i)(1)(B). Defendants point out that there is no indication in the record that Plaintiffs served the United States Attorney's Office or the United States Attorney General, as required by Rule 4(i). Plaintiffs do not dispute that service has been deficient and, moreover, state that they consent to Defendants' motion insofar as it seeks to set aside the default.

Because service on Defendants appears to have been improper, and in light of Plaintiffs' consent, the Court finds that there is good cause grant Defendants' motion pursuant to Rule 55(c). The Court will accordingly vacate the default entered by the Superior Court of New Jersey.

### B. Motion to Dismiss for Lack of Subject Matter Jurisdiction

1. Legal Standard

Defendants' motion to dismiss is governed by Federal Rule of Civil Procedure 12(b)(1). Under Rule 12(b)(1), subject matter jurisdiction may be challenged on either the face of the pleadings or on the facts underlying the existence of jurisdiction. See, e.g., Mortensen v. First Fed. Sav. & Loan Assoc., 549 F.2d 884, 891 (3d Cir. 1977) (drawing a distinction between a facial attack and a factual attack on subject matter jurisdiction under Rule 12(b)(1)). A facial challenge asserts that a claim, on its face, is "insufficient to invoke the subject-matter jurisdiction of the court because, for example, it does not present a question of federal law," whereas a factual challenge maintains "that there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." Constitution Party of Pa. v. Aichele, 757 F.3d 347, 358 (3d Cir. 2012). "In evaluating a Rule 12(b)(1) motion, a court must first determine whether the movant presents a facial or factual attack," as the court's review of the motion will differ depending on the kind of challenge. In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012) (citing Mortensen, 549 F.2d at 891); see also Aichele, 757 F.3d at 357 (holding same).

In the motion before the Court, Defendants challenge jurisdiction based on the fact that Plaintiffs failed to exhaust their administrative remedies before initiating suit as required by the

5

FTCA. Thus, the motion presents a factual attack on subject matter jurisdiction. In considering a factual Rule 12(b)(1) motion, the Court "can look beyond the pleadings to decide factual matters related to jurisdiction." Cestonaro v. United States, 211 F.3d 749, 752 (3d Cir. 2002). The Third Circuit has held that, on a factual attack, "no presumption of truthfulness attaches to the allegations of the plaintiff." CNA v. United States, 535 F.3d 132, 139 (3d Cir. 2008). The Court of Appeals has further held that plaintiff bears the burden of demonstrating that subject matter jurisdiction exists. Id.

    2. Federal Tort Claims Act

Plaintiffs' action against the USPS and Eckhardt seeks to recover damages for the personal injuries Ms. Vargas allegedly sustained as a result of the negligent and careless acts of this agency of the federal government and one of its employees. Though nominally pled as a negligence action, the claim against the USPS and Eckhardt is governed by the FTCA. The FTCA "operates as a limited waiver" of the sovereign immunity of the United States. White-Squire v. U.S. Postal Serv., 592 F.3d 453, 456 (3d Cir. 2010). Under the FTCA, the United States may be liable for the tortious conduct of federal government employees occurring within the scope of their employment. See 28 U.S.C. § 1346(b) (providing that, under the same circumstances applicable to private parties, the United States shall be similarly liable "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."). The cause of action provided by the FTCA, 28 U.S.C. § 1346(b), is the *exclusive* remedy "for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within

6

the scope of his office or employment." 28 U.S.C. § 2679(b)(1). The statute confers *exclusive* jurisdiction over such claims on federal district courts. 28 U.S.C. § 1346(b)(1).

Because the FTCA expresses the consent of the United States to be sued for certain claims, "the terms of such consent define the court's subject matter jurisdiction" and must be "strictly construed." White-Squire, 592 F.3d at 456; see also United States v. Mitchell, 445 U.S. 535, 538 (1980) ("holding that the United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.") (citation omitted). One of those terms is the statute's administrative exhaustion procedure. White-Squire, 592 F.3d at 457. As a prerequisite to filing suit for money damages for injuries allegedly caused by the negligence of a federal employee, the statute requires that a plaintiff first present his or her claim to the appropriate federal agency and that the claim be finally denied by the agency. 28 U.S.C. § 2675(a); see also McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").

To satisfy the statute's presentment requirement, a plaintiff must file a written notice of his or her claim with the appropriate agency and make a demand for a sum certain. 28 U.S.C. § 2675(a) & (b); 28 C.F.R. § 14.2(a); White-Squire, 592 F.3d at 457. The statute further provides that if the agency has not issued a final decision on the claim within six months after it is filed, this failure shall be deemed a final denial of claim, for purposes of the statute's requirement that a claimant exhaust administrative remedies before instituting a civil action. 28 U.S.C. § 2675(a). The burden is on a plaintiff to establish that a proper administrative claim has been filed. Livera v. First Nat'l State Bank of N.J., 879 F.2d 1186, 1195 (3d Cir. 1989).

3. Plaintiff's Failure To Exhaust Under the FTCA

Defendants assert that Plaintiffs have failed to file an administrative tort claim with the USPS, the relevant federal agency. In support of this assertion, Defendants submit the affidavit of Kimberly Herbst, the supervisor of tort claims examination and adjudication in the USPS's National Tort Center. Ms. Herbst states that she has searched the nationwide databases in which the USPS maintains records of administrative tort claims filed with the USPS and has discovered no tort claim filed by or on behalf of Gregoria Vargas and/or Felipe Vargas. (Herbst Decl., ¶¶ 4, 6.) In response, Plaintiffs maintain that they completed tort claim form SF-95 regarding the August 22, 2014 accident and mailed it to the USPS on or about August 25, 2016. As proof that they filed a claim, Plaintiffs provide the Court with a copy of an SF-95 pertaining to the claim of Gregoria Vargas, which is signed by Gregoria Vargas and dated February 3, 2016. They also provide a copy of an envelope addressed to the USPS Tort Claim Coordinator in Edison, New Jersey and postmarked August 25, 2016, in an attempt to show that the SF-95 administrative claim form was in fact submitted to the USPS.

Plaintiffs' demonstration that they mailed the SF-95 on August 25, 2016 does not carry their burden of showing that they properly presented the administrative tort claim to the USPS. The Third Circuit has expressly held that mere mailing of a claim will not satisfy an FTCA plaintiff's burden of demonstrating that the claim has been presented to the appropriate agency, within the meaning of 28 U.S.C. § 2675(a). In Lightfoot v. United States, the Court considered the question of whether proof that a claim was mailed suffices to demonstrate that an administrative tort claim was filed, i.e., whether mailing would give rise to a presumption that the claim was received (the "mailbox rule"). Lightfoot v. United States, 564 F.3d 625, 627-28

(3d Cir. 2009). After observing that other jurisdictions had almost uniformly held that the mailbox rule does not apply to FTCA claims, the Lightfoot court held as follows: "We now join these sister Courts in rejecting the mailbox rule and holding that a plaintiff must demonstrate that the Federal agency was in *actual receipt* of the claim, whether on initial presentment or on a request for reconsideration." Id. at 628 (emphasis added); see also Medina v. City of Phila., 219 F. App'x 169, 172 (3d Cir. 2007) ("In order to satisfy the presentment requirement, a plaintiff must demonstrate that the appropriate federal agency actually received the claim"); 28 C.F.R. § 14.2(a) (providing that an administrative claim is "presented" under the FTCA when the appropriate federal agency "receives" it). Plaintiffs, however, submit no proof that their August 25, 2016 mailing was in fact received by the USPS, by, for example, attaching a registered or certified mail receipt, providing a copy of the SF-95 form stamped as "received" by the agency, or submitting to the Court any other acknowledgment of the claim by the agency.[1] In the absence of proof that the USPS received the SF-95 pertaining to Gregoria Vargas's administrative tort claim, Plaintiffs have not carried their burden of establishing that Ms. Vargas properly presented her claim to the agency and exhausted the administrative process, as required by 28 U.S.C. § 2675(a). The Court further notes that the record contains no indication that any administrative tort claim was submitted by or on behalf of Felipe Vargas, and thus Plaintiffs similarly fail to carry their burden of demonstrating that the Court has subject matter jurisdiction over the loss of consortium claim asserted by Mr. Vargas pursuant to the FTCA. See White-

---

[1] The Third Circuit has noted that demonstrating that a federal agency has received a claim is "not an onerous requirement, as proof of receipt can easily be obtained by sending a claim by certified mail or by registered mail, or by obtaining acknowledgment of receipt from the agency itself." Medina, 219 F. App'x at 172-73.

Squire v. U.S. Postal Serv., No. 08-3486, 2009 U.S Dist. LEXIS 8832, at *20 (D.N.J. Feb. 6, 2009), affirmed by 592 F.3d 453, 456 (3d Cir. 2010); Nazzaro v. United States, 304 F. Supp. 2d 605, 622 (D.N.J. 2004) (dismissing a spouse's loss of consortium claim in an FTCA action for lack of subject matter jurisdiction because she had failed to present her claim to the federal agency and exhaust her administrative remedies).

Moreover, even if Plaintiffs had presented proof that the SF-95 signed by Ms. Vargas was received by the USPS, subject matter jurisdiction would nevertheless be lacking over this action because the FTCA provides that the requirements of proper presentment of a claim and exhaustion of administrative remedies must be met *before* a lawsuit is initiated. 28 U.S.C. § 2675(a); see also McNeil, 508 U.S. at 112-113 (holding that a lawsuit under the FTCA may not be filed until the plaintiff has exhausted his or her administrative remedies in compliance with the statute). The FTCA's plain language bars the initiation of any civil action against the United States "unless the claimant shall have *first* presented the claim to the appropriate Federal agency *and* his claim shall have been finally denied by the agency . . .." 28 U.S.C. § 2675(a) (emphasis added). The statute further provides that an agency has six months from the date of filing to adjudicate a claim, and only after an agency has failed to make final disposition within the six-month timeframe can such failure be deemed a final denial of the claim. Id. The tort claim mailed to the USPS on August 25, 2016 *after* Plaintiffs initiated their lawsuit in the Superior Court of New Jersey on August 19, 2016 cannot give rise to subject matter jurisdiction. Shelton v. Bledsoe, 775 F.3d 554, 569 (3d Cir. 2015) (holding that FTCA's requirement that a lawsuit cannot be filed unless the plaintiff first presents the claim to the appropriate agency and the agency renders a final decision is "jurisdictional and cannot be waived."); see also Priovolos v.

Federal Bureau of Investigation, 686 F. App'x 150, 152 (3d Cir. 2017) (affirming the district court's dismissal of an FTCA action for lack of subject matter jurisdiction, notwithstanding the plaintiff's submission of an administrative claim after filing suit, because "the subsequent filing and denial of a claim after suit has been commenced does not overcome the failure to exhaust administrative remedies and premature filing of the complaint."). This jurisdictional defect cannot be cured through amendment of the complaint. See, e.g., Germano v. United States, No. 14-CV-06330, 2015 U.S. Dist. LEXIS 88906, at *17 (D.N.J. July 9, 2015) (holding that a plaintiff who prematurely filed her lawsuit before final denial of the tort claim could not "cure this defect by filing an amended complaint" but instead "must file a new FTCA suit" in the event the administrative claim is denied by the agency). Therefore, assuming, *arguendo*, that the SF-95 mailed by Plaintiffs on August 25, 2016 had, in fact, been properly "presented" to the USPS, the FTCA's preconditions to suit had clearly not been met when Plaintiffs filed their civil action in state court on or about August 19, 2016.[2]

---

[2] The Court further notes that the tort claim mailed to the USPS on August 25, 2016 would itself have been untimely, even if, for the sake of argument, it had been received by the agency on that date or at some time thereafter. The FTCA provides that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within *two years* after such claim accrues . . . ." 28 U.S.C. 2401(b) (emphasis added). The Complaint filed by Plaintiffs states that the accident giving rise to their claims occurred "on or about August 22, 2014." (Compl., ¶ 1.) In spite of the "on or about" language, there is no indication that the accident occurred on any date other than August 22, 2014. Indeed, the SF-95 signed by Plaintiff Gregoria Vargas specifies August 22, 2014 as the date of the accident. (Pl. Opp., Ex. B.) The administrative claim pertaining to this case was mailed after the statutory time period for filing had expired. While the failure to file within the two-year period does not deprive this Court of subject matter jurisdiction, it would appear to render this action time-barred, absent equitable tolling. United States v. Kwai Fun Wong, 135 S. Ct. 1625, 1632-33, 1638 (2015).

Based on the facts presented, Plaintiffs have failed to establish that the Court has subject matter jurisdiction over this action. The claims against the USPS and Eckhardt must therefore be dismissed. Fed. R. Civ. P. 12(h)(3).

### III. CONCLUSION

For the foregoing reasons, the Court will vacate the default entered against the USPS and Eckhart in state court and will dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).

An appropriate Order will be filed.

 s/ Stanley R. Chesler  
STANLEY R. CHESLER  
United States District Judge

Dated: September 28, 2018