UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GREGORIA VARGAS and FELIPE
VARGAS,

                Plaintiffs,

v.

WALTER R. ECKHARDT, et al.,

                Defendants.

**Civil Action No. 18-12803 (SRC)**

**OPINION & ORDER**

**CHESLER**, District Judge

    This matter comes before the Court upon the motion filed by Plaintiffs Gregoria Vargas and Felipe Vargas (collectively, "Plaintiffs") for reconsideration of the Court's September 28, 2018 Order dismissing this action for lack of subject matter jurisdiction. Defendants United States Postal Service ("USPS") and Walter R. Eckhardt (collectively, "Defendants") have opposed the motion. The Court has considered the papers filed by the parties. For the reasons that follow, Plaintiffs' motion for reconsideration will be denied.

    As the Court discussed in its Opinion accompanying the underlying Order, Plaintiffs' action is governed by the Federal Tort Claims Act ("FTCA"). As such, it is subject to various jurisdictional requirements. Of relevance to this action is the requirement that a party wishing to sue under the FTCA must first present an administrative claim to the applicable federal agency and exhaust the administrative process. See 28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106, 113 (1993). The Court found that Plaintiffs had not demonstrated that they had met this requirement prior to filing this lawsuit, which was initiated in state court on August 19, 2016 and

thereafter removed to this Court. The Court took note that Plaintiffs had indicated that an administrative claim was mailed in an envelope postmarked August 25, 2016 but concluded that Plaintiffs had failed to carry their burden of showing that the claim was actually received by the USPS, as required for proper presentment under governing Third Circuit precedent. See Lightfoot v. United States, 564 F.3d 625, 627-28 (3d Cir. 2009). Moreover, as the Opinion discussed, even assuming that Plaintiffs' August 25, 2016 mailing had in fact been received by the USPS, this action would nevertheless suffer from a jurisdictional defect because the decisional authority concerning the FTCA clearly holds that a district court lacks jurisdiction over an FTCA action unless the plaintiff files and exhausts her administrative claim *before* filing suit. See Shelton v. Bledsoe, 775 F.3d 554, 569 (3d Cir. 2015).

None of the arguments raised in Plaintiffs' instant motion demonstrate that the Court's decision is based on clear error or otherwise warrants reconsideration. Plaintiffs maintain that this lawsuit should not be dismissed because the USPS had actual notice of a claim as early as January 2016, when Plaintiffs' counsel exchanged correspondence with the USPS. Plaintiffs had previously made this argument, proffering a January 29, 2016 letter in which the USPS provided an SF-95 claim form and requested that Plaintiffs complete and return it. In their opposition to the underlying motion to dismiss, Plaintiffs did not include their January 12, 2016 letter to the USPS, which stated that they wished to open claim for personal injury and attached a police report. Their submission of the letter now, in support of their motion for reconsideration, does not alter the Court's findings and analysis, as set forth in the underlying Opinion. As Defendants note in their opposition to this motion, the January 12, 2016 letter does not and cannot constitute a properly presented claim. The letter lacks a sum certain, an essential component of an

administrative claim. 28 U.S.C. § 2675(b). The Third Circuit has held that "the sum certain requirement contained in § 2675(b) is jurisdictional, and a claimant's failure to present her FTCA claim to the appropriate agency with a sum certain, as required by § 2675(b), compels the conclusion that a district court lacks subject matter jurisdiction over the claim." White-Squire v. United States Postal Service, 592 F.3d 453, 457-58 (3d Cir. 2010).

Additionally, Plaintiffs argue that the Court should excuse their failure to file an administrative tort claim with the USPS within the two-year period provided by 28 U.S.C. § 2401(b). Their equitable tolling argument cannot be considered by the Court. For the reasons set forth above and in the underlying Opinion, this Court simply lacks subject matter jurisdiction over this action. Plaintiffs initiated this lawsuit before exhausting administrative remedies as required by the FTCA. This presents a jurisdictional defect which cannot be cured or waived.

In sum, Plaintiffs fail to carry their burden of demonstrating that reconsideration of the Court's September 28, 2018 Order is warranted. The party seeking reconsideration must identify dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision. L.Civ.R. 7.1(i); Bryan v. Shah, 351 F.Supp.2d 295, 297 n. 2 (D.N.J. 2005) (citing Bowers v. Nat'l Collegiate Athletic Assoc., 130 F.Supp.2d 610, 612 (D.N.J. 2001)). A court may not grant a motion for reconsideration unless the moving party shows one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." See Banda v. Burlington County, 263 F. App'x 182, 183 (3d Cir. 2008) (citing Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). For the reasons set forth above, Plaintiffs have not made this showing.

Accordingly, **IT IS** on this 3rd day of December, 2018,

**ORDERED** that Plaintiffs' motion for reconsideration [ECF 9] be and hereby is **DENIED**.

s/ Stanley R. Chesler  
STANLEY R. CHESLER  
United States District Judge